IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHYLLIS R. § | |
|    Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:18-cv-478-D-BT |
| § | |
| NANCY A. BERRYHILL, § | |
| Acting Commissioner of the § | |
| Social Security Administration, § | |
|    Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed a civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. The district court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. For the reasons explained below, the district court should AFFIRM the Commissioner's decision.

**Background**

Plaintiff alleges she is disabled due to a variety of ailments, including osteoarthritis, degenerative joint disease, Morton's neuroma, osteoporosis, colitis, chronic constipation, anxiety, memory problems, and chronic fatigue syndrome. Administrative Record ("A.R.") 25-26, 223 (ECF No. 7-1). After her application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). *Id.* 37. That

1

hearing took place on March 7, 2017, and resulted in a decision denying disability benefits. *Id.* 23-33. At the time of the hearing, Plaintiff was 59 years old. *See id.* 75. She has more than a high school education and is able to communicate in English. *Id.* 31. Plaintiff has past work experience as a chiropractor. *Id.* 87.

At step one of the five-step sequential evaluation,[1] the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from March 1, 2011, her alleged onset date, through December 31, 2012, her date last insured. *Id.* 25. At steps two and three, the ALJ found that Plaintiff's osteoarthritis, degenerative joint disease of the knees, and anxiety were severe impairments, but that she did not have an impairment, or combination of impairments, that met or medically equaled the severity of any impairment listed in the social security regulations. *Id.* 25-27. The ALJ further found Plaintiff had the residual functional capacity ("RFC") for a limited range of medium work. *Id.* 27. At step four, the ALJ determined that Plaintiff could not perform her past work. *Id.* 31. At step five, relying on the testimony of a vocational expert, the ALJ found that Plaintiff could work as a hospital cleaner, a linen room attendant, and a dining room attendant—jobs that exist in significant numbers in the national economy. *Id.* 32.

---

[1] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

Plaintiff appealed the ALJ's decision to the Appeals Council. *Id.* 15-16. The Council affirmed. *Id.* 4-7. Plaintiff then filed this action in federal district court in which she argues the ALJ's decision results from an error of law and is not supported by substantial evidence. Pl.'s Compl. 2, ¶ 8 (ECF No. 1).

## Legal Standards

Judicial review in social security appeals "'is limited to two inquiries: (1) whether the ALJ's decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland*, 771 F.3d at 923 (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'") (quoting *Perez*, 415 F.3d at 461). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Cook v. Heckler,* 750 F.2d 391, 392 (5th Cir. 1985)); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam)). Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds the Commissioner stated

3

to support her decision. *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

## Analysis

Plaintiff challenges the ALJ's decision that she was not disabled during the alleged period of disability as arbitrary and capricious and not supported by substantial evidence. "When determining the propriety of a decision of 'not disabled,' [the] court's function is to ascertain whether the record considered as a whole contains substantial evidence that supports the final decision of the Commissioner, as trier of fact." *Shaw v. Astrue*, 2010 WL 5101404, at *3 (N.D. Tex. Dec. 8, 2010) (Fitzwater, C.J.). The Court considers the following elements to determine if there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) age, education, and work history. *Martinez*, 64 F.3d at 174 (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)). "The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley*, 67 F.3d at 557 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989); *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). "If the ALJ does not satisfy [this] duty, [the] decision is not substantially justified." *Id.* (citing *Kane*, 731 F.2d at 1219). Reversal of the ALJ's decision is appropriate, however, "only if the applicant shows that [she] was prejudiced." *Id.* (citing *Kane*, 731 F.2d at 1220). A procedurally imperfect administrative ruling does not warrant reversal unless a party's substantive rights

4

have been prejudiced. *Smith v. Chater*, 962 F. Supp. 980, 984 (N.D. Tex. Apr. 15, 1997) (Fitzwater, J.).

Plaintiff contends the ALJ should have found she was disabled during the relevant period due to problems with her knees and feet, osteoporosis, degenerative joint disease, colitis, chronic constipation, chronic fatigue, anxiety, and depression. Plaintiff claims that her symptoms and limitations from these alleged impairments prevent her from walking more than 120 feet without pain, from sitting, standing, or laying down for an extended period, or from leaving home and require her to remain close to a bathroom. However, the ALJ determined Plaintiff was not disabled during the relevant period and could perform medium work, which includes the ability to sit, stand, and/or walk for six hours in an 8-hour day, to lift and/or carry 50 pounds occasionally and 25 pounds frequently, and to perform detailed, but not complex, tasks. A.R. 27.

Plaintiff argues, without elaboration, that the ALJ did not consider the totality of her alleged conditions. But, the ALJ's thorough and well-reasoned, written decision establishes the opposite. A.R. 27-31. The ALJ discussed in detail all of Plaintiff's alleged impairments, and the combined effect of those alleged impairments, on her ability to do work-related activities. *Id.* 28. The Court has reviewed the objective medical evidence and opinion evidence of record, as well as Plaintiff's own statements regarding her symptoms and limitations, and finds that substantial evidence supports the ALJ's RFC assessment and disability determination.

5

Specifically, the objective medical evidence shows that Plaintiff received treatment for knee problems prior to her alleged onset date and during the alleged period of disability, including injections for pain and swelling, and that such treatment helped her symptoms. Further, physical examinations of her knee during the alleged period of disability showed she had good extension, range of motion, and stability. A.R. 631-632, 640-650.

At the hearing, Plaintiff testified that pain and other symptoms resulting from colitis, chronic constipation, and chronic fatigue syndrome limited her ability to work. A.R. 84-85, 90, 92-94. However, the ALJ declined to find that any of these conditions constituted a medically determinable impairment that existed during the alleged period of disability. A.R. 25-26. The ALJ explained:

> The medical evidence of record does not include evidence establishing these impairments during the alleged period of disability. The claimant testified that she took only supplements and natural remedies for her alleged colitis and that she had no treatment for chronic fatigue. Morton's neuroma is noted in the medical records dated April 21, 2014, but with no indication of the condition prior to the date last insured. Similarly, there is a reference in records of the same date to "chronic fatigue," but no actual diagnosis or treatment, nor evidence of symptoms during the relevant period. The record also includes a reference to a problem with diarrhea and suspicions of colitis in 2012, but with no evidence of a follow-up diagnosis, or that the symptoms did or could last for the 12-month durational requirement. Similarly, while the claimant has alleged memory problems, there is no evidence in the record to support any diagnosis related to memory issues during the period in question.

6

A.R. 25-26. Plaintiff argues this finding is arbitrary and capricious, especially in view of medical records—cited by the ALJ—that purportedly establish the existence of these impairments.

Contrary to Plaintiff's argument, the ALJ's finding is supported by substantial evidence. The medical records Plaintiff references show only that, in March 2012, Plaintiff complained of lower abdominal pain and diarrhea and was referred for a colonoscopy. *Id.* 596. However, the colonoscopy was unremarkable, and there is no evidence that Plaintiff was diagnosed with or treated for colitis, chronic constipation, or chronic fatigue. *Id.* 594. Further, as the ALJ noted, there is no evidence that Plaintiff's diarrhea or other symptoms that could be related to colitis, chronic constipation, or chronic fatigue lasted for a continuous period of at least 12 months, which is required to establish a medically determinable impairment. 20 C.F.R. § 416.909 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months. We call this the duration requirement.").

The record contains opinion evidence from state agency consultants, who opined there was insufficient evidence during the relevant period to establish disability. A.R. 120-123, 130-132. However, the ALJ rejected those opinions to the extent they were inconsistent with other medical evidence indicating that Plaintiff had a severe knee impairment. *Id.* 30. The ALJ also rejected the opinion of Plaintiff's treating psychologist that Plaintiff was disabled due to anxiety and other non-exertional limitations, because the opinion post-dated the alleged period of

7

disability. *Id.* Indeed, the psychologist did not begin treating Plaintiff until May 2013—well after her date last insured.

Similarly, the ALJ considered and rejected the opinion of a treating physician's assistant ("PA") that Plaintiff was more limited than the ALJ's RFC finding and that Plaintiff's alleged limitations began in 2007. A.R. 30. The ALJ gave no weight to this opinion because there was no evidence that the PA treated Plaintiff in 2007. *Id.* Indeed, the ALJ noted that Plaintiff herself testified that she began treatment with the PA in 2013 or 2014, which is after the relevant disability period. *Id.* The ALJ also discounted the PA's opinion because it was inconsistent with other medical evidence indicating Plaintiff had a full range of motion, and was even running for exercise, at the time. *Id.* Finally, the ALJ noted that a PA is not an acceptable medical source under the social security regulations and, therefore, did not give the PA's opinion controlling weight. *Id.*

Plaintiff objects that the ALJ "belittled nurse practitioners." But, the ALJ did not err in analyzing the PA's opinion. Under the regulations applicable to Plaintiff's claim, only licensed physicians or osteopathic doctors, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists are considered "acceptable medical sources," who can provide evidence that a claimant suffers from a medically determinable impairment. *See* 20 C.F.R. §§ 404.1513(a) & 416.913(a) (regulations applicable to claims filed prior to March 2017). A PA is considered an "other source" whose opinion can be used to support findings on the severity of an impairment and an

8

impairment's effect on a claimant's ability to work. *Young v. Berryhill*, 689 F. App'x 819, 822 (5th Cir. 2017) (per curiam). A PA's opinion is not entitled to controlling weight, and an ALJ need not show good cause for rejecting it. *Andrade v. Astrue*, 2012 WL 1106864, at *12 (N.D. Tex. Feb. 13, 2012); *Latham v. Astrue*, 2008 WL 4635396, at *3 (N.D. Tex. Oct. 15, 2008). In this case, the ALJ adequately explained that she did not give more weight to the PA's opinion because the opinion post-dated the alleged period of disability and was inconsistent with other medical evidence of record.

Plaintiff further objects that the ALJ improperly discredited her treating chiropractor's opinion. Plaintiff ignores, however, that the ALJ explained she did not find the chiropractor's opinion established a disability because there was no evidence the chiropractor treated Plaintiff during the alleged period of disability. Instead, the records show Plaintiff received treatment in 2009 and 2010, prior to her March 1, 2011 alleged onset date, and again in July 2013, after her date last insured. A.R. 505. Indeed, the cover letter from the chiropractor apologized that he "only saw her four times in 2010 and one visit in 2013." *Id.* Plaintiff's bare objection fails to establish error or that the ALJ's decision is not supported by substantial evidence.

Plaintiff also cursorily challenges the ALJ's finding that she did not have an impairment or combination of impairments that meets or equals a listed impairment. She complains that the ALJ merely gave "lip service" to the requirement to consider the totality of her conditions in view of all her alleged

9

impairments, but she fails to establish that the ALJ's decision is not supported by substantial evidence. First, Plaintiff fails to identify a specific listing or prove that she met or equaled the criteria for a specific listing. *See Garrett v. Astrue*, 2011 WL 6938463, *8 (N.D. Tex. Oct. 18, 2011) (finding that substantial evidence supported the ALJ's decision because the claimant failed to argue or provide evidence that he met specific sections of the Listings), *adopted by* 2012 WL 11124 (Jan. 3, 2012); *Lloyd v. Astrue*, 2011 WL 7049451, *3 (W.D. La. Dec. 7, 2011) (finding that substantial evidence supported the ALJ's decision because the claimant failed to identify a specific listing or prove that he met or equaled the criteria for a specific listing), *adopted by* 2012 WL 135677 (W.D. La. Jan. 17, 2012), *aff'd*, 2012 WL 3206552 (5th Cir. 2012); *White v. Astrue*, 2009 WL 4823843, *2 (M.D. La. Dec. 10, 2009) (finding that the claimant failed to meet his step three burden when he failed to identify a specific listing or offer evidence that his impairments met or equaled a listed impairment). Further, Plaintiff fails to identify any evidence supporting her contention that the combination of her severe impairments equaled the Listings.

Plaintiff contends that the ALJ did not properly consider her complaints of pain. As the Commissioner notes, not all pain is disabling. Rather, "[p]ain constitutes a disabling condition when it is constant, unremitting, and wholly unresponsive to therapeutic treatment." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) (internal quotation marks and citation omitted). The ALJ is not required to credit a claimant's subjective complaints of disabling pain over objective medical

10

evidence that the pain is not disabling. *Anthony v. Sullivan*, 954 F.2d 289, 295-96 (5th Cir. 1992). In her written decision, the ALJ discussed all of Plaintiff's allegedly disabling symptoms and impairments, including Plaintiff's alleged pain. A.R. 25-27. However, the ALJ also considered objective medical evidence that during the alleged period of disability Plaintiff was treated conservatively for her complaints of pain, solely with injections and strengthening exercises, and that Plaintiff's physical examinations were unremarkable, with findings of good range of motion and only minor soreness. *Id.* 26; *see also id.* 631-32, 640-50. The ALJ's implicit finding that Plaintiff's pain is not disabling is supported by substantial evidence; namely the objective medical evidence of unremarkable physical examinations and conservative treatment. Plaintiff has failed to show that the ALJ erred in assessing her subjective complaints of pain.

Finally, Plaintiff identifies certain evidence the ALJ failed to include on the "List of Exhibits" attached to her written decision. Plaintiff asserts that the omission of the evidence from the List of Exhibits means medical evidence regarding several of her alleged impairments was not appropriately considered. But Plaintiff does not explain how the omitted evidence would create a reasonable probability of changing the outcome of her case. In the absence of any argument explaining the specific import of these omitted records, the Court cannot find that the ALJ erred or that the disability decision is not supported by substantial evidence.

11

## Recommendation

The ALJ applied the correct legal standards, and substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act. Therefore, the hearing decision should be AFFIRMED in all respects.

Signed March 8, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).